# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

BRENDA K. DAVID,

    Plaintiff,                                            Case No. 0:20-cv-61766

v.

ELITE RECOVERY SOLUTIONS, INC.,

    Defendant.

_____/

## COMPLAINT

NOW COMES, BRENDA K. DAVID, through undersigned counsel, complaining of ELITE RECOVERY SOLUTIONS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, violation(s) of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.,* and violation(s) of the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. BRENDA K. DAVID ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7

6. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

7. ELITE RECOVERY SOLUTIONS, INC. ("ERS" or "Defendant") is a domestic corporation organized and existing under the laws of Illinois.

8. ERS has its principal place of business at 8615 S. Cottage Grove Avenue, Chicago, Illinois, 60619.

9. ERS is a "person" as defined by 47 U.S.C. § 153(39).

10. ERS is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7904.

12. At all times relevant, Plaintiff's number ending in 7904 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14. Approximately one year ago, Plaintiff incurred an alleged medical debt for $1,110.00 ("subject debt").

15. The subject debt is a "debt" as defined by FDCPA §1692a(5) because it arose from a personal transaction purpose (medical debt).

16. Due to financial hardship, Plaintiff was unable to pay the subject consumer debt.

17. Subsequently, the subject debt was referred to Defendant for collection.

18. In or around May of 2020, Plaintiff started to receive collection calls from ERS.

19. On numerous occasions, Plaintiff answered.

20. Plaintiff was required to say "*Hello*" numerous times prior to experiencing a significant pause and then being transferred to a live representative.

21. On several occasions, Plaintiff informed ERS that she was unable to make any payments and to cease calling.

22. Despite Plaintiff's numerous requests, ERS continued its collection calls.

23. Regrettably, ERS continues to contact Plaintiff on her cellular telephone number from various telephone numbers including, but not limited to, (844) 908-3296.

24. Upon information and belief, ERS may use other phone numbers to contact Plaintiff.

25. Additionally, on August 17, 2020, ERS contacted Plaintiff's brother.

26. During this telephone call, ERS informed Plaintiff's brother that Plaintiff had an unpaid debt and she would need to get a lawyer, as ERS would be filing a suit against her.

27. All in all, ERS placed (or caused to be placed) numerous unconsented, unwanted collection calls to Plaintiff.

28. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction caused by Defendant's phone calls, invasion of privacy, loss of concentration, nuisance, stress, embarrassment, harm to Plaintiff's reputation, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

30. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

31. Paragraphs 11 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Upon information and belief, the dialing system used by ERS to place collection calls to Plaintiff has the capacity to —(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, ERS used an ATDS to place calls to Plaintiff's cellular phone number.

36. Upon information and belief, the dialing system employed by ERS transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone and the requirement to say "*Hello*" numerous times.

37. ERS violated the TCPA by placing calls to Plaintiff's cellular phone number from May 2020 until present, using an ATDS without her prior express consent.

38. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

39. As pled above, Plaintiff was harmed by ERS's unlawful and unconsented to collection calls to her cellular phone.

40. Upon information and belief, ERS has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, ERS has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

42. Upon information and belief, ERS knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

43. As result of ERS's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As result of ERS's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that ERS violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff;

C. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §1692 ET SEQ.)

45. Paragraphs 11 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of FDCPA §1692d**

46. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

47. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

48. ERS violated §§1692d and d(5) when it placed numerous collection calls to Plaintiff's cellular phone number from May 2020 through the present attempting to collect the subject consumer debt.

49. ERS's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject consumer debt was harassing and abusive.

50. ERS's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

51. The fact that ERS knowingly placed calls to Plaintiff after Plaintiff made numerous requests for the phone calls to cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

**Violations of FDCPA §1692b**

52. Section 1692b provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (2)   not state that such consumer owed any debt.

15 U.S.C. §1692b(2)

53. ERS violated §1692b(2) by communicating with Plaintiff's brother and stating that Plaintiff owed a debt that she was going to be sued for.

54. As pled above, Plaintiff was severely harmed by ERS's unfair and abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692d(5) and b(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## (FLA. STAT. § 559.55 ET SEQ.)

55. Paragraphs 11 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Fla. Stat. § 559.72**

56. Subsection 559.72(7) of the CCPA provides:

57. In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

58.     ERS violated Fla. Stat. § 559.72(7) by communicating with Plaintiff and Plaintiff's brother, disclosing that Plaintiff had an outstanding debt and advising Plaintiff's brother that ERS was going to file suit Defendant also advised Plaintiff's brother that ERS was going to file suit against Plaintiff.

59.     ERS violated Fla. Stat. § 559.72(7) by communicating with Plaintiff when ERS knew its calls were unwelcomed as Plaintiff requested the calls cease on numerous occasions.

60.     Defendant's conduct was abusive, demeaning and humiliating to Plaintiff.

61.     Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that ERS violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiffs as a result of I.Q. Data's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

7

Dated: August 28, 2020                                     Respectfully Submitted,
                                                                                             **BRENDA K. DAVID**

                                                                                            <u>/s/ Alexander J. Taylor</u>
                                                                                            Alexander J. Taylor, Esq.
                                                                                           Florida Bar No. 1013947
                                                                                           Sulaiman Law Group, Ltd.
                                                                                          2500 South Highland Avenue
                                                                                          Suite 200
                                                                                          Lombard, IL 60148
                                                                                          Telephone: (630) 575-8181
                                                                                          ataylor@sulaimanlaw.com
                                                                                          *Counsel for Plaintiff*